# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN O'HINES,<br>CDCR #K-86989,<br>ADC #197067,<br><br>Plaintiff,<br><br>vs.<br><br>ONTIVEROS, Warden, et al.,<br><br>Defendants. | Civil No.   08-1335 IEG (PCL)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff, an inmate currently incarcerated at the Arizona State Prison Complex in Florence, Arizona, and proceeding pro se, has filed a civil action entitled "Living Wills, Trust, Probate" pursuant to 18 U.S.C. § 2385, a federal statute which criminalizes the knowing, willful or intentional overthrow of Government.  (*See* Compl. at 1.)

**I.   Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

1  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d
2  1176, 1177 (9th Cir. 1999).

3  Here, Plaintiff has neither prepaid the $350 filing fee required to commence a civil action,
4  nor has submitted a Motion to Proceed IFP.  Therefore, this case is subject to immediate
5  dismissal pursuant to 28 U.S.C. § 1914(a).[1]

6  **II**.    **Conclusion and Order**

7  For the reasons set forth above, the Court hereby:

8  (1)    **DISMISSES** this action sua sponte without prejudice for failing to pay the $350
9  filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

10  (2)    **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is "Filed"
11  to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to proceed
12  IFP which includes a certified copy of his trust account statement for the 6-month period
13  preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR
14  3.2(b).

15  **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with the
16  Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*
17  *Pauperis*."  If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the
18  enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without
19  prejudice and without further Order of the Court.

20  DATED: August 4, 2008

22  **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**

---

[1] Plaintiff is cautioned that should he elect to proceed further with this matter, his case will be immediately subject to sua sponte screening and dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious or fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C.§ 1915A(b)).  Moreover, such a dismissal may be counted as a "strike" against Plaintiff if he requests IFP status in any future civil action filed while he is incarcerated. *See Andrews*, 493 F.3d at 1052 (under the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").